**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6625**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABDUL AL BASEER SAYFUALLAH, a/k/a Bear, a/k/a Randel Noel
Morris,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   G. Ross Anderson, Jr., Senior
District Judge.  (8:07-cr-01354-GRA-1; 8:09-cv-70089-GRA)

Submitted:  June 28, 2010              Decided:  July 9, 2010

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Abdul Al Baseer Sayfuallah, Appellant Pro Se.  Alan Lance Crick,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abdul Al Baseer Sayfuallah seeks to appeal the district court's order denying relief on his motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), and the court's order denying his first motion to extend the appeal period. We dismiss the appeal for lack of jurisdiction.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order denying § 2255 relief was entered on the docket on November 20, 2009. Despite the fact that Sayfuallah dated his notice of appeal January 18, 2010, we conclude that the earliest date on which he could have handed it to prison officials for mailing was March 1, 2010, the date appearing on a letter he attached to the notice of appeal. See Houston v. Lack, 487 U.S. 266, 276 (1988). Thus, Sayfuallah filed his notice of appeal outside the sixty-day appeal period.

With regard to the court's order denying his motion to extend the appeal period, the district court entered its order on February 2, 2010. Sayfuallah did not file an amended notice of appeal to include that order. He did, however, mention the February 2 order in his informal brief, but the informal brief was filed outside the sixty-day appeal period. See Smith v. Barry, 502 U.S. 244, 245 (1992) (holding that document filed within appeal period and containing information required by Fed. R. App. P. 3(c), is functional equivalent of notice of appeal).

Because Sayfuallah failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3